# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| ANDREW FRANK | CIVIL ACTION NO. 10-633-P |
| VERSUS | JUDGE HICKS |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Andrew Frank ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on April 14, 2010. Plaintiff is incarcerated at the Elayn Hunt Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names Jerry Goodwin, Cpt. Lee, Cpt. Scriber, Sgt. Bruce Young, Cpt. Cole, and Sgt. Davis as defendants.

Plaintiff claims that on January 19, 2010, he lost feeling in both of his legs and fell. He claims he was unable to get up after the fall. He claims Cpt. Lee, Cpt. Scriber, and Sgt. Young restrained him, picked him up, and carried him to his cell. He claims Defendants inflicted cruel and unusual punishment upon him and were deliberately indifferent to his serious medical needs. Plaintiff claims Warden Jerry Goodwin failed to properly train his

officers in nursing and, as a result, the officers re-injured his back when they moved him after his fall.

Plaintiff claims his back injury is serious. He claims he suffered degenerative disc changes at the L2-3, L3-4, and L4-5 with disc space narrowing and some posterior disc building. He also claims he suffered mild narrowing of the intervertebral foramen on the left side at the L3-4 and the L4-5 level. Plaintiff claims his condition was diagnosed by Dr. Belchic following a MRI at E.A. Conway Medical Center on April 21, 2010.

Plaintiff claims he is currently receiving inadequate medical care. He claims Dr. Fuller is not providing him with any treatment. He claims all requests for treatment after his April 21, 2010 MRI have been denied. He claims the prescribed medication is not improving his condition. Plaintiff claims that on January 31, 2011, he was seen by Dr. Fuller in the prison infirmary. He claims he requested a different medication and Dr. Fuller denied his request. He claims Dr. Fuller told him that his back was not seriously injured after he told him that he was having serious back pain. Plaintiff admits he was given a duty status for his back.

Plaintiff claims Warden Jerry Goodwin enforces a policy which requires that offenders be cuffed behind their back with shackles when out of their cells. He claims this includes when offenders walk to and from the shower area. Plaintiff claims that on September 6, 2010, he fell leaving the shower when his shackles became tangled on the shower. He claims he was unable to break his fall because his hands were cuffed behind his back. He claims he injured his lower back and shoulder.

Accordingly, Plaintiff seeks compensatory damages, actual damages and attorney fees.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Conditions of Confinement**

Plaintiff claims that on January 19, 2010, Cpt. Lee, Cpt. Scriber, and Sgt. Young re-injured his back when they restrained him, picked him up, and carried him to cell after he fell.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and

unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff complains that Cpt. Lee, Cpt. Scriber, and Sgt. Young re-injured his back when they restrained him, picked him up, and carried him to cell after he fell. The Court finds that restraining a prisoner, picking him up and, carrying him to his cell after a fall does not create a substantial risk of serious harm. Thus, Plaintiff's claim has failed to satisfy the first requirement of an Eighth Amendment claim.

Furthermore, the Court fines that the facts alleged do not support a finding that the defendants acted with deliberate indifference when they restrained him, picked him up, and carried him to his cell. At most, Plaintiff alleges the defendants negligently inflicted injury upon him. However, negligent injury does not amount to a constitutional violation merely because the victim is a prisoner. "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally

required.'" Daniels v. Williams, 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Although Plaintiff's jailors owe a special duty of care to those in their custody under state law, the Due Process Clause of the Fourteenth Amendment does [not] embrace such a tort law concept." Daniels at 335-36. Simple negligence does not state a claim for denial of due process in violation of the Fourteenth Amendment.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Inadequate Training**

Plaintiff claims Warden Jerry Goodwin failed to properly train Cpt. Lee, Cpt. Scriber, and Sgt. Young in nursing.

To the extent Plaintiff names Warden Jerry Goodwin in a supervisory capacity, it is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of respondeat superior. See, Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v. Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998). Plaintiff does not specifically allege that Warden Goodwin was personally involved in the alleged violation

of his constitutional rights or implemented a policy that deprived him of his constitutional rights.

Supervisory officials may be held liable only if they were personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or, if there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) ( per curiam ).

Plaintiff has alleged no personal involvement on the part of Warden Jerry Goodwin and he has showed no causal connection between any act or omission by Warden Goodwin and the alleged constitutional violation. The only fault alleged is the conclusory allegation that this supervisor failed to provide adequate training in nursing to the officers. However, before Plaintiff may recover against Warden Goodwin, he must show that he was deliberately indifferent to his plight, and proof of more than one instance of improper training resulting in a constitutional violation is required before such lack of training constitutes deliberate indifference. Snyder v. Trepagnier, 142 F.3d 791, 798-99 (5th Cir.1998); Belt, 828 F.2d at 304-305. The plaintiff must demonstrate a pattern of similar violations. Snyder, 142 F.3d at 798. Finally, the inadequacy of training or supervision must be obvious and obviously likely to result in harm. Snyder v. Trepagnier, 142 F.3d at 799; Thompson v. Upshur County, TX, 245 F.3d 447, 459 (5th Cir.2001).

Plaintiff alleged neither personal fault nor any basis for supervisor liability against Warden Jerry Goodwin; therefore, his claims, with regard to this defendant, lack an arguable

basis in law and in fact and are frivolous. Accordingly, Plaintiff's claims against Warden Jerry Goodwin should be dismissed as frivolous for failure to state a claim on which relief may be granted.

**Exhaustion of Administrative Remedy Procedure**

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly exhaust available administrative remedies before filing a Section 1983 suit . See Woodford v. Ngo, 126 S.Ct. 2378 (2006). Section 1997e also precludes Plaintiff from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed). The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1999). Finally, prescription on the claim is tolled while the procedure is pending. See Harris, 198 F.3d at 153.

"[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner

failed to exhaust." Carbe v. Lappin, 429 F.3d 325, 328 (5th Cir. 2007) (citing Jones v. Bock, 549 U.S. 199, 214-16, 127 S.Ct. 919, 166 L.Ed.2d 798 (2007)).

After reviewing Plaintiff's complaint, the Court finds Plaintiff has failed to exhaust administrative remedies as to his claims for denial of medical treatment after April 21, 2010, his January 31, 2011 denial of medication, and his September 6, 2010 fall. These claims occurred after he filed this complaint on April 14, 2010.

Accordingly, these claims should be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's claims against Warden Jerry Goodwin for failure to train, and Cpt. Lee, Cpt. Scriber, and Sgt. Bruce Young for re-injuring his back be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C.

§ 1915(e) and that remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 12th day of October 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE